**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**'08 CIV 6437**

| | |
|---|---|
| BURBERRY LIMITED, | ) |
|     a United Kingdom Corporation | ) |
| | ) |
| BURBERRY LIMITED, | ) |
|     a New York Corporation | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|     v. | ) |
| | ) |
| EVER MODE, INC. and AMELIE ZHOU | ) |
| | ) |
|     Defendants. | ) |

Civil Action No.:
**COMPLAINT**



**COMPLAINT FOR TRADEMARK COUNTERFEITING,**
**TRADEMARK INFRINGEMENT, TRADEMARK DILUTION,**
**FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**

Plaintiffs Burberry Limited (UK) and Burberry Limited (USA) ("Burberry" or "Plaintiff") complains and alleges against Defendants Ever Mode, Inc. ("Ever Mode") and Amelie Zhou ("Zhou") (collectively "Defendants") as follows:

**INTRODUCTION**

1.      This is an action for trademark counterfeiting, trademark infringement, trademark dilution and for violations of the New York State common law and related causes of action brought pursuant to Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (c), Sections 349 and 360-l of the New York General Business Law, and the common law of the State of New York. Through this action, Burberry seeks preliminary and permanent injunctive relief and damages arising from Defendants' willful appropriation of several famous and distinctive Burberry trademarks.

Upon information and belief, Defendants import, distribute, promote and/or sell counterfeit handbags wearing apparel and related accessories that display counterfeit versions of Burberry's famous trademarks.

2.      For approximately a century, Burberry has devoted substantial resources to promoting the goodwill of its principal trademarks, including its BURBERRY® name, a distinctive check design trademark (the "BURBERRY CHECK") and the Burberry equestrian knight on horseback image (the "EQUESTRIAN KNIGHT DEVICE") (collectively, the "Burberry Trademarks"), for a broad variety of goods, including handbags and wearing apparel.  As a result, these trademarks have become among the most famous marks in this country for such products.

3.      Attempting to capitalize on the strength and fame of Burberry's trademarks, Defendants have sold counterfeit merchandise, including handbags, jackets and hats, that display the Burberry Trademarks or substantially similar reproductions thereof.

4.      Defendants' misuse of Burberry's marks on counterfeit products has significantly injured Burberry's reputation and goodwill, and has diluted the distinctiveness of the famous BURBERRY® name, as well as the BURBERRY CHECK and BURBERRY KNIGHT.  Unless enjoined, Defendants' conduct will continue to injure both Burberry and the public.

## JURISDICTION AND VENUE

5.      This action is based on Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114, Sections 43(a) and (c) of the Lanham Act, 15 U.S.C. § 1125(a) and (c), Sections 349 and 360-l of the New York General Business Law, and the common law of the State of New York.

6.     This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) for the claims arising out of the violations of Sections 32 and 43(a) and (c) of the Lanham Act; has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for the claims arising out of the violation of Sections 349 and 360-1 of the New York General Business Law and all other claims arising under the common law of the State of New York; and has jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 for the claims under the common law of unfair competition.

7.     This Court has personal jurisdiction over Defendants because they are either incorporated in New York or conduct business in this district and the products that are the subject of this action were offered for sale or sold in this district.

8.     Upon information and belief, a substantial part of the events giving rise to the claims occurred in this district.  Venue in this Court is therefore proper under 28 U.S.C. § 1391.

## THE PARTIES

### A. Plaintiffs

9.     Plaintiff Burberry Limited (UK) is a corporation duly organized and existing under the laws of the United Kingdom with a principal place of business at 18-22 Haymarket, SW1Y 4DQ, United Kingdom.

10.     Plaintiff Burberry Limited (USA) is a corporation duly organized under the laws of New York with a principal place of business at 1350 Avenue of the Americas, New York, New York 10019.

11.     Burberry Limited (USA) is an affiliate of Burberry Limited (UK).

**B. Defendants**

12.     Upon information and belief, Ever Mode, Inc. is a New York corporation located at 119 West 30th Street, New York, New York 10001. Upon information and belief, Ever Mode, Inc. also conducts business at 151 West 30th Street, New York, New York 10001.

13.     Upon information and belief, Amelie Zhou is a principal of Ever Mode, Inc. and is a resident of the State of New York residing at 43-27 249 Street, Little Neck, New York 11363.

## BACKGROUND

**A.     Burberry's Famous Trademarks and Products**

14.     Burberry's predecessor in interest, Mr. Thomas Burberry, opened an outfitters shop in Hampshire, United Kingdom, more than a century ago, in 1856. The BURBERRY® name has been used in commerce continuously since that time on various products including handbags, clothing, luggage, umbrellas and other items, and for retail services.

15.     The BURBERRY CHECK trademark – a distinctive red, camel, black and white check logo – was introduced by Mr. Burberry's company in the 1920's and has been used on various products over the years, including handbags, clothing, luggage, umbrellas and other items. An exemplar of the BURBERRY CHECK is attached as Exhibit A hereto.

16.     The BURBERRY CHECK has been continuously used in both the original colors and other color combinations for over three-quarters of a century.

4

17.    The EQUESTRIAN KNIGHT DEVICE, as shown in the attached Exhibit A, was introduced by Mr. Burberry's company and has been used on numerous products for approximately a century since its introduction.

18.    Burberry is responsible for designing and/or licensing, assembling, finishing, marketing and selling in interstate commerce high quality handbags, clothes, footwear, scarves, luggage, watches, eyeglasses, sunglasses, jewelry, cosmetics, writing instruments and many other products displaying the BURBERRY® mark, the BURBERRY CHECK and the EQUESTRIAN KNIGHT DEVICE.

19.    Burberry's merchandise is sold in authorized department stores and boutiques, BURBERRY® stores, online at Burberry.com and in other authorized retail establishments.

20.    Burberry is the exclusive distributor or licensor in the United States of Burberry merchandise that bears the Burberry Trademarks. The Burberry Trademarks have thus been used by Burberry on, and in connection with, the advertising and sale of Burberry's products, including handbags and wearing apparel, in interstate and intrastate commerce, including commerce in the State of New York, and in this judicial district. Burberry owns numerous federal registrations for the Burberry Trademarks, as listed in Exhibit A.

21.    These registrations for the Burberry Trademarks are in full force and effect and many have become incontestable pursuant to 15 U.S.C. § 1065.

22.    Burberry has used the Burberry Trademarks for many years on and in connection with BURBERRY® merchandise.

23.    The Burberry Trademarks identify high quality products originating with Burberry. Burberry has expended millions of dollars in advertising BURBERRY® products, and has made substantial investments in protecting its marks and logos.

**B.    Defendants' Counterfeit and Infringe the Burberry Trademarks**

24.    Upon information and belief, the Defendants are engaged in the business of importing, distributing, supplying, promoting and/or selling handbags, wearing apparel and related accessories.

25.    Upon information and belief, Defendants have imported, distributed, supplied, promoted and/or sold counterfeit merchandise, including handbags, wearing apparel and related accessories, that displayed marks identical or substantially similar to the Burberry Trademarks. Defendants promoted this merchandise as authentic Burberry merchandise.

26.    Defendants have sold counterfeit Burberry merchandise in New York, and throughout the country.

27.    On information and belief, Defendants were the subject of a criminal seizure on or about December 27, 2005 during which over 13,000 counterfeit items bearing the Burberry Trademarks including handbags, jackets and hats, were seized. Representative images of Defendants' counterfeit Burberry merchandise seized on or about December 27, 2005 are attached hereto as Exhibit B.

28.    Upon information and belief, Ms. Zhou was charged with violating one of more felony counterfeiting laws as a result of the December 27, 2005 criminal seizure.

29.    On further information and belief, Ms. Zhou was indicted on felony counterfeiting charges and eventually pled guilty to one or more counterfeiting charges.

6

30.     Upon information and belief, Defendants have continued to import, distribute, supply, promote and/or sell large quantities of counterfeit goods bearing the Burberry Trademarks with knowledge that the merchandise was in fact counterfeit. Through these acts, Defendants have willfully counterfeited and infringed the Burberry Trademarks.

## FIRST CLAIM FOR RELIEF

### (Trademark Counterfeiting Under Section 32 of the Lanham Act)

31.     Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 30 above.

32.     Defendants have used spurious designations that are identical with, or substantially indistinguishable from the Burberry Trademarks on goods for which Burberry holds federal trademark registrations.  Defendants have used these spurious designations in connection with the advertising, sale, offering for sale and/or distribution of goods for their own personal financial gain.  Defendants' egregious conduct makes this an exceptional case.

33.     Burberry has not authorized Defendants' use of the Burberry Trademarks to advertise, offer for sale, sell and/or distribute Defendants' counterfeit products.

34.     Defendants' unauthorized use of the Burberry Trademarks on and in connection with the advertising and sale of counterfeit goods constitutes Defendants' use of Burberry's registered trademarks in commerce.

35.     Defendants' unauthorized use of the Burberry Trademarks is likely to:

(a)     cause confusion, mistake and deception;

    (b)    cause the public to believe that Defendants' counterfeit products are authorized, sponsored or approved by Burberry or that Defendants are affiliated, connected or associated with or in some way related to Burberry; and

    (c)    result in Defendants unfairly benefiting from Burberry's goodwill and reputation, to the substantial and irreparable injury of the public, Burberry, its respective trademarks and the substantial goodwill represented thereby.

36.    Defendants' acts as described in this Complaint constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

37.    Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

## SECOND CLAIM FOR RELIEF

### (Trademark and Service Mark Infringement Under Section 32 of the Lanham Act)

38.    Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 30 above.

39.    Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant,

> any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive. . . .

40.    The Burberry Trademarks are federally-registered. These marks are inherently distinctive and are associated in the mind of the public with Burberry.

41.    Alternatively, based on Burberry's extensive advertising, sales and the popularity of their respective products, the Burberry Trademarks have acquired secondary meaning so that the public associates these trademarks exclusively with Burberry.

42.    Defendants have used Burberry's registered trademarks without its consent or authorization.  Defendants' use, including in the sale and distribution of infringing products in interstate commerce, is likely to cause confusion and mistake in the minds of the public, leading the public to believe that Defendants' products emanate or originate from Burberry, or that Burberry has approved, sponsored or otherwise associated itself with the Defendants or their counterfeit products bearing the Burberry Trademarks.

43.    Defendants' unauthorized use of the Burberry Trademarks as set forth above has resulted in Defendants unfairly benefiting from Burberry's advertising and promotion of the Burberry Trademarks.  This has resulted in substantial and irreparable injury of the public, Burberry, the Burberry Trademarks and the substantial goodwill represented thereby.

44.    Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

45.    Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry.  Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

### THIRD CLAIM FOR RELIEF

**(False Designation of Origin, Trade Name Infringement, and
False Description and Representation Under Section 43(a) of the Lanham Act)**

46.    Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 30 above.

47.    Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (a) provides that

Any person who, on or in connection with any goods or
services, . . . uses in commerce any word, term, name,
symbol, or device, or any combination thereof, or any false

designation of origin, false or misleading description of fact, or false or misleading representation of fact, which

> (1) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (2) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, ...."

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

48.   By making unauthorized use, in interstate commerce, of the Burberry Trademarks, Defendants have used a "false designation of origin" that is likely to cause confusion, mistake or deception as to the affiliation or connection of Defendants with Burberry and as to the origin, sponsorship, association or approval of Defendants' services by Burberry, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49.   Defendants' acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent Defendants' products as those of Burberry in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

50.   Defendants' wrongful acts will continue unless enjoined by this Court.

51.   Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry.  Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

## FOURTH CLAIM FOR RELIEF

### (Dilution Under Section 43(c) of the Lanham Act)

52.     Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 30 above.

53.     Burberry Limited (UK) is the exclusive owner of the Burberry Trademarks nationwide.

54.     The Burberry Trademarks are famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and have been famous and distinctive since long before Defendants began using confusingly similar marks.

55.     The BURBERRY® mark, BURBERRY CHECK and EQUESTRIAN KNIGHT DEVICE, shown in Exhibit A hereto, are all inherently distinctive marks that have been in use for many years nationwide and play a prominent role in Burberry's marketing, advertising and the popularity of its products across many different media. The marks became famous long before Defendants' began using confusingly similar marks on counterfeit merchandise. The Burberry Trademarks have garnered widespread publicity and public recognition in New York and elsewhere nationwide. To enhance its rights further, Burberry has obtained several federal registrations, entitling it to nationwide rights in the BURBERRY® mark, BURBERRY CHECK and EQUESTRIAN KNIGHT DEVICE.

56.     Defendants' use of Burberry's respective trademarks on counterfeit goods that they sell constitutes commercial use in commerce of those trademarks. Burberry has not authorized or licensed this use.

11

57.    Consumers are likely to purchase Defendants' counterfeit products in the erroneous belief that Defendants are associated with, sponsored by or affiliated with Burberry, or that Burberry is the source of those products.  Defendants' use of the Burberry Trademarks dilutes and/or is likely to dilute the distinctive quality of those marks and to lessen the capacity of such marks to identify and distinguish Burberry's goods.  Defendants' unlawful use of the Burberry Trademarks in connection with inferior, counterfeit goods is also likely to tarnish those trademarks and cause blurring in the minds of consumers between Burberry and Defendants, thereby lessening the value of the Burberry Trademarks as unique identifiers of Burberry's products.

58.    By the acts described above, Defendants have intentionally and willfully diluted, and/or are likely to dilute, the distinctive quality of the famous Burberry Trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

59.    Defendants' wrongful acts will continue unless enjoined by this Court.

60.    Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry.  Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

## FIFTH CLAIM FOR RELIEF

### (Deceptive Acts and Practices Under
### Section 349 of New York General Business Law)

61.    Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 30 above.

62.    Through their importation, advertisement, distribution, offer to sell and sale of counterfeit products bearing the Burberry Trademarks, Defendants have engaged in

consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers in New York.

63.    Defendants' deceptive acts or practices, as described in the paragraph above, are materially misleading.  Upon information and belief, these acts or practices have deceived or have a tendency to deceive a material segment of the public to whom Defendants have directed their marketing activities, and Burberry has been injured thereby.

64.    By the acts described above, Defendants have willfully engaged in deceptive acts or practices in the conduct of business and furnishing of services in violation of Section 349 of the New York General Business Law.

65.    Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry.  Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

## SIXTH CLAIM FOR RELIEF

### (Dilution and Likelihood of Injury to Business Reputation Under Section 360-l of New York General Business Law)

66.    Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 30 above.

67.    Burberry Limited (UK) is the exclusive owner of the Burberry Trademarks nationwide.

68.    Through prominent, long and continuous use in commerce, including commerce within New York, the Burberry Trademarks have become and continue to be famous and distinctive.

69.    The BURBERRY® mark, BURBERRY CHECK and EQUESTRIAN KNIGHT DEVICE, shown in Exhibit A hereto, are all inherently distinctive marks that have been in use for many years nationwide and play a prominent role in Burberry's marketing, advertising and the popularity of its products across many different media. The marks became famous long before Defendants' began using confusingly similar marks on counterfeit merchandise. The Burberry Trademarks have garnered widespread publicity and public recognition in New York and elsewhere nationwide. To enhance its rights further, Burberry has obtained several federal registrations, entitling it to nationwide rights in the BURBERRY® mark, BURBERRY CHECK and EQUESTRIAN KNIGHT DEVICE.

70.    Consumers are likely to purchase Defendants' counterfeit products in the erroneous belief that Defendants are associated with, sponsored by or affiliated with Burberry, or that Burberry is the source of those products. Defendants' use of the Burberry Trademarks dilutes the distinctive quality of those marks and lessens the capacity of such marks to identify and distinguish Plaintiffs' respective goods. Defendants' unlawful use of the Burberry Trademarks in connection with inferior, counterfeit goods is also likely to tarnish those trademarks and cause blurring in the minds of consumers between Burberry and Defendants, thereby lessening the value of the Burberry Trademarks as unique identifiers of Burberry's respective products.

71.    By the acts described above, Defendants have diluted the distinctiveness of the Burberry Trademarks and caused a likelihood of harm to Burberry's business reputation in violation of Section 360-l of the New York General Business Law.

72.    Defendants' wrongful acts will continue unless enjoined by this Court.

73.     Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

### SEVENTH CLAIM FOR RELIEF

#### (Trademark Infringement Under Common Law)

74.     Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 30 above.

75.     Burberry Limited (UK) is the exclusive owners of the Burberry Trademarks nationwide.

76.     The counterfeit products sold by Defendants incorporate imitations of Burberry's common law trademarks. Such unauthorized use by Defendants of Burberry's common law trademarks constitutes trademark infringement, and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the products and to cause purchasers mistakenly to believe such products are Burberry's authentic goods.

77.     Upon information and belief, Defendants have appropriated one or more of Burberry's common law trademarks despite the fact that this conduct causes confusion, mistake, and deception as to the source of their goods. Defendants palm off their goods as those of Burberry, improperly trading upon Burberry's goodwill and valuable rights in and to the Burberry Trademarks.

78.     Upon information and belief, Defendants committed the above alleged acts willfully, and in conscious disregard of Burberry's rights, and Burberry is therefore

entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter and make an example of Defendants.

79.     By the acts described above, Defendants have engaged in trademark infringement in violation of the common law of the State of New York.

80.     Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry.  Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

## EIGHTH CLAIM FOR RELIEF

### (Unfair Competition Under Common Law)

81.     Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 30 above.

82.     Defendants palm off their goods as those of Burberry, improperly trading upon Burberry's goodwill and valuable rights in and to the Burberry Trademarks.

83.     Upon information and belief, Defendants committed the above alleged acts willfully, and in conscious disregard of Burberry's rights, and Burberry is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter and make an example of Defendants.

84.     By the acts described above, Defendants have engaged in unfair competition in violation of the common law of the State of New York.

85.     Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry.  Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

## NINTH CLAIM FOR RELIEF (Defendant Amelie Zhou)

### (Direct and Vicarious Liability – All Counts)

86.     Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 30 above.

87.     On information and belief, Defendant Amelie Zhou is jointly and severally liable with Ever Mode, Inc. under all counts of the Complaint.

88.     On information and belief, Defendant Amelie Zhou has intentionally induced Ever Mode, Inc. to counterfeit and/or infringe the Burberry Trademarks.

89.     On information and belief, Defendant Amelie Zhou, through her actions as a principal of Ever Mode, Inc. is directly, vicariously and contributorily liable for all acts of counterfeiting, infringement and other violations of law alleged in this Complaint.

90.     Ms. Zhou's acts have caused, and will continue to cause, irreparable injury to Burberry.  Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

**WHEREFORE**, Burberry prays:

A.     (i)     For judgment that Defendants have violated Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a);

(ii)     For judgment that Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

(iii)     For judgment that Defendants have violated Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

(iv)     For judgment that Defendants have engaged in deceptive acts and practices under Section 349 of the New York General Business Law;

(v)     For judgment that Defendants have diluted the Burberry Trademarks in violation of Section 360-l of the New York General Business Law;

(vi)    For judgment that Defendants have engaged in trademark and service mark infringement under the common law of New York; and

(vii)    For judgment that Defendants have engaged in unfair competition in violation of the common law of the State of New York.

B.    That a preliminary and permanent injunction be issued enjoining and restraining Defendants and their officers, agents, servants, employees and attorneys and all those in active concert or participation with them, from:

(1)    Using any reproduction, counterfeit, copy or colorable imitation of the Burberry Trademarks to identify any goods or their packaging not authorized by Burberry;

(2)    Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiffs' business reputation or dilute the distinctive quality of the Burberry Trademarks;

(3)    Using a false description or representation including words or other symbols tending falsely to describe or represent Defendants' unauthorized goods or their packaging as being those of Burberry or sponsored by or associated with Burberry and from offering such goods into commerce;

(4)    Further infringing the Burberry Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products or their packaging not authorized by Burberry that bear any simulation, reproduction, counterfeit, copy or colorable imitation of the Burberry Trademarks;

(5)    Using any simulation, reproduction, counterfeit, copy or colorable imitation of the Burberry Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products or their packaging in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Burberry, or to any goods sold, manufactured, sponsored or approved by, or connected with Burberry;

(6)    Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by Defendants are in any manner associated or

connected with Burberry, or are sold, manufactured, licensed, sponsored, approved or authorized by Burberry;

(7)  Constituting an infringement of any of the Burberry Trademarks or of Burberry's rights in, or to use or to exploit, said trademarks, or constituting any dilution of the Burberry Trademarks;

(8)  Secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe or dilute the Burberry Trademarks; and

(9)  Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (1) through (8).

C.    Directing that Defendants deliver up for destruction to Burberry all unauthorized products, advertisements and packaging in their possession or under their control bearing any of the Burberry Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of production of same pursuant to 15 U.S.C. § 1118.

D.    Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products or associated packaging manufactured, sold or otherwise circulated or promoted by Defendants are authorized by Burberry or related in any way to Burberry's products.

E.    For an assessment of the damages suffered by Burberry, trebled, and an award of all profits that Defendants have derived while using the Burberry Trademarks, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117; alternatively, that Burberry be awarded statutory damages pursuant to 15 U.S.C. § 1117 of up to $1,000,000 for each trademark that

Defendants have counterfeited and infringed, as well as attorneys' fees and costs; and awarding profits, damages and fees, to the full extent available, pursuant to Sections 349 and 360-l of the New York General Business Law; and punitive damages to the full extent available under the common law.

F.    For an order requiring Defendants to disseminate corrective advertisements in a form approved by the Court to acknowledge its violations of the law hereunder, and to ameliorate the false and deceptive impressions produced by such violations.

G.    For costs of suit, and for such other and further relief as the Court shall deem appropriate.

STEPTOE & JOHNSON LLP

By: _____
Michael J. Allan (MA 8285)
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000

Lenor Marquis (LM 4597)
750 Seventh Avenue
Suite 1900
New York, NY 10019
(212) 506-3900

Dated:  July 18, 2008

# EXHIBIT A

## Select Listing of Burberry Limited's
## Registered Trademarks

| Registered Mark | United States Reg. Nos. |
|---|---|
| The BURBERRY word mark:<br><br>BURBERRY | 1,133,122; 260,843; 259,571; 1,607,316; 1,828,277; 2,629,931; 2,875,336 |
| The BURBERRY CHECK trademark:<br><br> | 1,241,222<br>2,022,789<br>1,855,154<br>2,015,462<br>2,689,921<br>2,845,852 |
| The BURBERRY CHECK (no color designation) trademark:<br><br> | 2,612,272<br>2,732,617<br>2,728,709 |
| The EQUESTRIAN KNIGHT DEVICE trademark:<br><br> | 862,816<br>863,179<br>1,622,186<br>1,903,508<br>2,512,119 |

# EXHIBIT B







27  6:23 PM





